DANIEL BURNHAM vs. ANDREW P. YOUNG.

Franklin. Opinion May 27, 1881.

*Liabilities of innholders. Stat. 1874, c. 174, § 2.*

By the stat. 1874, c. 174, § 2, innholders are answerable to their guests, in case of loss by fire, only for ordinary and reasonable care in the custody of their baggage or other property.

An action cannot be maintained against an innkeeper for such a loss when there is no proof of want of such ordinary and reasonable care.

ON EXCEPTIONS.

This was an action of trespass on the case against an innkeeper for loss of plaintiff's baggage, and wearing apparel. Plea, gen-

eral issue of not guilty. It was admitted that defendant was an innkeeper at the time of the alleged loss.

Defendant's inn was destroyed by fire, together with plaintiff's baggage and wearing apparel, and the defendant claimed that he exercised ordinary and reasonable care in the custody of plaintiff's baggage and wearing apparel; and further claimed that plaintiff was a "boarder," and that he was not responsible to him, on that account in this action.

The particular ruling complained of is stated in the opinion.

Verdict was for defendant.

*S. Clifford Belcher*, for plaintiff.

It was admitted that the defendant was an innkeeper. I admit that there is a distinction between a boarding house and an inn. The latter is bound to grant such reasonable accommodations as occasion requires to strangers, travelers and others. R. S., c. 27, § 5.

If one stop at an inn, he is equally protected, whether a traveler or citizen of the town, a guest or a boarder; both sit at the same table, drink at the same fountain, occupy similar apartments, are attended by the same servants, and are equally bound to pay for their entertainment to the keeper of the *inn*.

Generally the distinction made in the decided cases, turns upon the point of whether or not the house is an inn.

The principle upon which the liability of an innkeeper rests, is stated in *Shaw* v. *Berry*, 31 Maine, 484.

*B. Emery Pratt*, for the defendant, cited : stat. 1874, c. 174; *Healey* v. *Gray*, 68 Maine, 490.

APPLETON, C. J. This is an action of the case against an innkeeper for the loss of baggage and wearing apparel belonging to the plaintiff. The loss was occasioned by fire, and there is nothing indicating that there was any want of "ordinary and reasonable care" on the part of the defendant.

By c. 174, § 2, of the acts of 1874, it is enacted that "in case of loss by fire, innholders shall be answerable to their guests only for ordinary and reasonable care in the custody of their baggage and their property." It is not even alleged, much less

proved, that here there was any want of such care, consequently the defendant is not liable.

This suit is against the defendant as an innholder. The plaintiff claiming to be a traveler seeks to hold him as such. The presiding justice, in his charge, very clearly and accurately stated the distinction between a traveler and a boarder. The sentence in the charge to which special exception is taken, is as follows: "If he was a boarder, under a special contract for board, and not a traveler at the time, then the law applicable to innholders does not apply." It is difficult to perceive any objection to this proposition in and of itself, or as modified by the rest of the charge. But whether erroneous or not, the plaintiff was not thereby harmed. The suit is by the traveler against the innkeeper. It is not by one as a boarder. But whether the plaintiff was a boarder or a traveler, he cannot recover against the defendant as an innholder, inasmuch as no want of ordinary or reasonable care has been shown or even alleged.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.